# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: J.M., J.W., A.K., and A.K.**

**No. 15-0332** (Kanawha County 13-JA-213 through 13-JA-216)

**FILED**

September 21, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.K., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's March 17, 2015, order terminating his parental rights to A.K.-1 and A.K.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him an extension of his post-adjudicatory improvement period, or alternatively, a dispositional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging among other things educational neglect, failing to provide for the children, and committing domestic violence in the children's presence. The DHHR also alleged that petitioner frequently left the children in the care of their paternal grandmother and the grandmother's adult nephew. According to the DHHR, petitioner knew that the nephew was a sex offender and that he allegedly sexually abused A.K.-1 in March of 2013. Several days after the filing of the petition, the circuit court held a preliminary hearing. The circuit court found reasonable cause to believe that the children were abused or neglected. The circuit court ordered petitioner to submit

---

[1]Petitioner is not the biological father of J.M. or J.W. As such, petitioner only appeals the circuit court's rulings in regard to A.K.-1 and A.K.-2., and the Court addresses only these children in this memorandum decision. Further, because two children share the same initials, the Court will refer to the children as A.K.-1 and A.K.-2 throughout this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

to a psychological evaluation, participate in domestic violence counseling and anger management classes, submit to random drug screens, and granted him supervised visitation with the children.

In November of 2013, the circuit court held its adjudicatory hearing. Petitioner stipulated to committing domestic violence against the children's mother in the presence of J.W. while in an automobile. Following this domestic violence incident, petitioner ordered then eight-year-old J.W. out of the automobile and drove away, leaving him unattended on the side of the road. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period with terms and conditions consistent with its preliminary hearing order.[3]

Beginning in March of 2014, the circuit court held a series of status hearings on the progress of petitioner's post-adjudicatory improvement period. Initially, the circuit court continued petitioner's improvement period based upon his compliance. Thereafter, petitioner tested positive for marijuana, and the circuit court suspended petitioner's post-adjudicatory improvement period due to his resulting incarceration for possession with intent to deliver marijuana. The circuit court also ordered petitioner not to have any contact with the children's mother.

In January of 2015, the circuit court held a dispositional hearing. Petitioner testified that he continued to contact the children's mother in violation of a domestic violence protective order and in violation of the circuit court's order. Petitioner also testified that he smoked marijuana with the children's mother on June 3, 2014. By order entered March 17, 2015, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future because he failed to respond or follow through with a reasonable family case plan.[4] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[3]The circuit court did not enter an adjudicatory order until March 6, 2014. Pursuant to Rule 27 of Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he [circuit] court shall enter an order of adjudication, including findings of fact and conclusions of law, within ten days of the conclusion of the hearing[.]"

[4]Again, this Court cautions circuit courts that pursuant to Rule 36 of Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he [circuit] court shall enter a dispositional order, including findings of fact and conclusions of law, within ten days of the conclusion of the hearing."

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying his motion to extend his improvement period, or alternatively, his motion for a dispositional improvement period. West Virginia Code § 49-6-12(g) provides that

[a] court may extend any improvement period granted . . . for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that such extension is otherwise consistent with the best interest of the child.

We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). Further, West Virginia Code § 49-6-12(c) grants circuit courts discretion in granting a dispositional improvement period upon a written motion and a showing, by clear and convincing evidence, that the parent will fully participate in the same.

The record on appeal establishes that petitioner failed to meet either burden for an extension of his post-adjudicatory improvement period or a dispositional improvement period. While petitioner argues that his improvement period should be "suspended" until he is released from incarceration sometime in 2016, we have explained that circuit courts are specifically directed to proceed with abuse and neglect matters regardless of any related proceedings. Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings clearly provides that "[u]nder no circumstances shall a civil protection proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." We have also held that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). Petitioner acknowledges that he will not be released from incarceration until sometime in 2016.

As noted above, whether to grant a motion for an extension of an improvement period is a matter within the sound discretion of the circuit court. In this case, petitioner testified that he smoked marijuana and contacted the children's mother multiple times in violation of the circuit court's order and a domestic violence protective order. Therefore, we find no error in the circuit

court denying petitioner an extension of his post-adjudicatory improvement period. This same evidence also supports the circuit court's decision denying petitioner a dispositional improvement period. Further, the record is devoid of any evidence that petitioner filed a written motion requesting a dispositional improvement period. For these reasons, it was not error for the circuit court to deny petitioner an extension of his post-adjudicatory improvement period or a dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court and its March 17, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: September 21, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II